C. M. CABLE

v.

R. J. GRIER, EXECUTOR.

*Administration—Claim for Services Rendered Deceased—Evidence— Instructions.*

| 45 | 407 |
| 53 | 351 |

In an action brought to recover for services rendered by claimant to a person since deceased, the jury having rendered a verdict against the claim, this court holds, on due consideration, that the instructions of the court were, in important particulars, argumentative, suggestive and misleading, and that the judgment should be reversed.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. G. B. MORGAN, J. H. HANLEY and J. H. CONNELL, for appellant.

Messrs. KIRKPATRICK & ALEXANDER, for appellee.

MR. JUSTICE LACEY. This was a claim filed in the County Court by appellant against appellee, for labor and services performed by him for her during deceased's lifetime, from 1877 to 1887. The claim filed was for $3,600. It was filed February 20, 1888, in the County Court, and afterward, by agreement, removed to the Circuit Court; the record, however, is made to appear as if the trial was had on an appeal. A trial was had at the September term, 1890, before a jury, which rendered a verdict for appellant for $1,000, which was set aside by the court and a new trial granted. At the September term, 1891, a new trial was had by another jury, resulting in a verdict for the appellee. The court overruled the motion for a new trial and rendered judgment on the verdict. Some of the main circumstances of the case are as follows: The husband of the deceased, Sarah Lafferty, died in the winter of 1877, leaving a large property of about $80,000 to his widow, there being no children living. When he died his wife was left alone, save Jane, who afterward became Mrs. Cook, and who had been taken into the family when quite young. The deceased, when a child, had been taken into the family of Henry Cable, the father of appellant, and been raised by him, and afterward married Lafferty. Prior to the death of Lafferty, appellant was engaged in farming in a small way close to Monmouth, residing with his family.

After the death of William Lafferty, he gave up farming and sold his team and wagon, etc., and went to looking after the business affairs of deceased, attending to her business affairs generally, such as repairs on barn, trimming trees, taking up carpets, purchasing goods, meat, etc., measuring wood, and looking after the interests of deceased, taking her out riding, caring for her in sickness, and looking after her property interests generally. It is compensation for these and the like services that he is seeking to recover, covering a period of about ten years.

When she died she left a will bequeathing $12,000 to Jane Cook in money, leaving the balance of her property intestate.

Cable v. Grier.

The defense set up was that the services of appellant were rendered gratuitously, that the statute of limitation of five years had run against a portion of the claim and that the balance of the services had been paid for. The evidence tended to show that the services rendered were valuable and not rendered as a gratuity, and that appellant had received only one payment, about $242, on appellant's note, given by him to deceased's husband in his lifetime and owned by her, and delivered up to appellant by deceased in 1884. There was evidence of some other payment for services and milk, etc., to appellant, and no proof of any special contract for payment of services except the testimony of Henry Cable, son of appellant, as to the commencement of the employment, in which there was a promise to pay appellant for his services what they were worth. Under the evidence we think the court erred in giving appellee's fifth, sixth, seventh, eleventh and twelfth instructions. The fifth is obscure and misleading. It asserts that if the services were performed out of motives of kindness, or in the expectation of possible benefits to result for performing them, in the absence of express promise, no implied promise can be raised, etc. What benefits does the instruction refer to? pecuniary, or some remote inconsequential? If he performed the services in expectation of pay, which would be a benefit, a promise would be implied, notwithstanding there might have been an element of kindness in the matter. The instruction is obscure, suggestive and misleading. The sixth instruction is suggestive and argumentative, and the seventh is argumentative, suggestive, and invades the province of the jury. The instruction suggests to the jury that some of the services were supposed by the court to be only imaginary, and some are *supposed* only to be rendered, but not rendered. The framework of the instruction is unfair. It was improper for the court to suggest to the jury that some of the services claimed for were imaginary, and only supposititious. Then again, why tell the jury that as to the estimate of witnesses as to value of appellant's services, it is not to follow such estimates blindly? The jury should not follow any of the

testimony blindly.  It should weigh the entire evidence in
the light of reason.  Such expressions had a tendency to
discredit such evidence, and lead the jury to think that
in the opinion of the court, it was entitled to little
or no weight.  The services in this case, as shown by the
evidence, were not continuous manual labor.  They were of
attentions and care of an old and decrepit woman, and to
her affairs, who was abundantly able to pay for them.  She
was not an object of charity.  The appellant was a poor
man and was faithful and attentive, and his services were
such as the deceased, in her condition, required, and un-
doubtedly were valuable to her.  Her expressions to other
people showed that she so estimated them.  The evidence
tends to show that appellant was kept from his other
business a considerable portion of his time, in holding
himself in readiness to wait upon deceased.  It was
stated, too, that in order that the proof should have
weight, the services shown must be actually rendered.
This was unfair, in connection with the balance of the
sentence, where the contrast is drawn in these words:
" or only imaginary services, or services supposed to
have been rendered."  This would have a strong tendency
to influence the jury to reject all claims for appellant's
time devoted to deceased's affairs, when not actually
engaged at some work, as by the hour or day.  This might
not, in this case, be at all adequate.  The surroundings and
the nature of the employment expected from appellant
would have to be considered as fully and with as much
consideration, as the time actually employed.

The eleventh was also suggestive and argumentative.
There is no evidence in regard to deceased intending to
make a will in appellant's favor.  The court should not sug-
gest such an idea to the jury.

The twelfth instruction given for appellee was erroneous
in excluding the claim of appellant for removing certain
graves contracted to be done by Peterson.  If appellant did
any work of this kind for deceased, at her request, he would
be entitled to recover for it, unless the claim was barred.

The instruction was based on no evidence and was misleading. We see no error in refusing appellant's refused instructions. They either ignored the statute of limitations, or were not based on the evidence. There were entirely too many instructions asked on both sides. For the errors noted, the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*